UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | | |
|---|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | No. 1:24-cv-0158-CEA-SKL |
| ROMAR CONSTRUCTION CO., | ) ) ) | |
| Defendant. | ) | |

**ORDER**

In this lawsuit, Plaintiff State Farm Fire and Casualty Company has paid a substantial claim to its insureds for damage to their home allegedly caused by a fire. Plaintiff contends the fire was caused by Defendant RoMar Construction Co.'s negligence and breach of contract when designing and constructing a fireplace in the home. Currently before the Court is Plaintiff's motion to compel [Doc. 26]. Plaintiff asks the Court to order Defendant to produce documents issued by Defendant's own insurance carrier related to this case and the underlying events, including any "reservation of rights letters," and any other documents referencing Defendant's liability coverage. Defendant filed a response in opposition [Doc. 27], and Plaintiff filed a reply [Doc. 28]. This matter is now ripe. Neither party requested a hearing and the Court finds a hearing is not necessary. The motion will be denied as set forth below.

I.     **STANDARDS**

It is "well established that the scope of discovery is within the sound discretion of the trial court," *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1096 (6th Cir. 1994) (quoting *United States v. Guy*, 978 F.2d 934, 938 (6th Cir. 1992)), and that the scope is traditionally quite broad. Fed. R. Civ. P. 26(c). Under Rule 26 of the Federal Rules of Civil Procedure, the parties may obtain discovery regarding any nonprivileged matter relevant to any party's claim or defense, and

proportional to the needs of the case, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Rule 34 allows, among other things, a party to serve on any other party a request for production of documents or electronically stored information for copying or inspection. Fed. R. Civ. P. 34(a)(1)(A). "The party to whom the request is directed must respond in writing within 30 days after being served," unless a different deadline is stipulated to by the parties or ordered by the Court. Fed. R. Civ. P. 34(b)(2)(A). Rule 34(b)(2) goes on to specify:

> (B) *Responding to Each Item*. For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. The responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection. The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response.
>
> (C) *Objections*. An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest.

Fed. R. Civ. P. 34(b)(2)(B)-(C).

Pursuant to Rule 37(a), a party may move the Court for an order compelling a disclosure or a response to a discovery request. Any such motion "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

"The party moving to compel discovery bears the initial burden of proving the relevance of the information sought." *United States v. Florence*, No. 2:13-cv-00035, 2020 WL 5797987, at *2 (M.D. Tenn. Sept. 29, 2020); *see also* Fed. R. Civ. P. 26(b)(1) advisory committee's note to

2

2015 amendment (stating that the "party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them"); *Washington v. Riverview Hotel, Inc.*, No. 3:19-cv-00097, 2020 WL 3895243, at *2 (M.D. Tenn. July 9, 2020) (same). "When the information sought appears to be relevant," the burden shifts to the party objecting to the discovery request to show why the request is improper, such as by "establishing that the information either is not relevant or is so marginally relevant that the presumption of broad disclosure is outweighed by the potential for undue burden or harm." *O'Malley v. NaphCare, Inc.*, 311 F.R.D. 461, 463 (S.D. Ohio 2015) (internal quotation marks omitted); *see also Young*, 2020 WL 415609, at *3; Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment (explaining that a party claiming undue burden or expense "ordinarily has far better information—perhaps the only information—with respect to that part of the determination").

## II. ANALYSIS

As mentioned, the instant motion to compel concerns two of Plaintiff's requests for production, both of which address documents concerning Defendant's liability insurance coverage of Plaintiff's claims. The requests and Defendant's responses provide:

> 21. Any reservations of rights letters sent to you by or on your behalf of the entity that provided the policy(ies) responsive to the prior request.
>
>> RESPONSE: Objection made to the production of documents other than the policy, as there is no basis to request such documents. Policy is attached to the accompanying document production as 000837-001006.
>
> 22. The documents, recordings, communications, and electronic data that refer to the nature and extent of your liability coverage for this claim.
>
>> RESPONSE: Objection made to the production of documents other than the policy, as there is no basis to

3

>              request such documents.  Policy is attached to the
>              accompanying document production as 000837-001006.

[Doc. 26 at Page ID # 115-16; Doc. 26-2 at Page ID # 129].

The record reflects Plaintiff served these requests on Defendant by email on May 29, 2024, and Plaintiff contends Defendant did not provide its responses until July 19.  As this is beyond the 30-day deadline in Rule 34(b)(2)(A), Defendant's responses were untimely, and Defendant does not argue otherwise.

The proper course of action when a party is unable to meet a deadline is to move for an extension of the deadline.  Where a party fails to timely move for an extension of time to respond to discovery, the "**failure to object to discovery requests within the thirty days provided by Rules 33 and 34 constitutes a waiver of any objection.**"  *Zaremba v. Fed. Ins. Co.* (*In re Cont'l Cap. Inv. Servs., Inc.*), No. ADV 09-3322, 2011 WL 4624678, at *2 (Bankr. N.D. Ohio Sept. 30, 2011) (emphasis added) (citing cases); *Greene v. Cracker Barrel Old Country Store, Inc.*, No. CIV 09-2110-A/P, 2009 WL 1885641, at *2 (W.D. Tenn. July 1, 2009) (citing cases).  Because Defendant failed to move for an extension of time to respond to Plaintiff's discovery requests and failed to object to the discovery requests within the time set forth under Rule 34, it has waived any objections to the requests.  *See Carfagno v. Jackson Nat'l Life Ins. Co.*, No. 5:99CV118, 2001 WL 34059032, at *1 (W.D. Mich. Feb. 13, 2001) ("Discovery deadlines are intended to ensure the efficient progress of a lawsuit and counsel are expected to comply with them." (quoting *Blumenthal v. Drudge*, 186 F.R.D. 236, 240 (D.D.C. 1999))).

Defendant's waiver may be excused if it can establish "good cause" for failing to timely object to the discovery requests.  *In re Cont'l Capital Inv. Servs.*, 2011 WL 4624678, at *3; *Greene*, 2009 WL 1885641, at *2.  When considering whether to excuse the failure to timely respond, "courts will examine the circumstances of each case, including the reason for tardy compliance, prejudice to the opposing party, and the facial propriety of the discovery requests, to determine

4

whether enforcement of the waiver is equitable." *Carfagno*, 2001 WL 34059032, at *1 (citing *Shenker v. Sportelli*, 83 F.R.D. 365, 367 (E.D. Pa. 1979) (examining discovery requests, to which objections had been waived by untimely response, to ensure that the requests were not "patently improper")).

In its response to Plaintiff's motion, Defendant does not explain why it failed to either timely object to the discovery requests or move for an extension within the time allotted under the rules. Indeed, Defendant does not address the "good cause" standard for excusing waiver at all. Instead, Defendant focuses its argument primarily on the irrelevance of the insurance-related discovery requests, without addressing whether irrelevance alone is sufficient to establish good cause.

Despite Defendant's failure to address good cause or the untimeliness of its objections, its relevance argument has some merit. Courts recognize "reservation-of-rights letters rarely are relevant to substantive causes of action or defenses, other than in cases involving insurance coverage disputes." *Coe v. Cross-Lines Retirement Ctr., Inc.*, 342 F.R.D. 539, 543 n.1 (D. Kan. 2022) (collecting cases); *Sea Salt, LLC v. Bellerose*, No. 2:18-cv-00413-JAW, 2020 WL 5032466, at *2 (D. Maine Aug. 25, 2020) (finding "a reservation-of-rights letter and other insurance-related documents would conceivably be relevant and discoverable" in a "direct claim against an insurer regarding a coverage dispute," but not in case where insurance company was simply providing the defense). Plaintiff does not cite to relevant authority that convinces the Court otherwise. "The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant. *Shelbyville Hosp. Corp. v. Mosley*, No. 4:13-CV-88, 2017 WL 1155046, at *2 (E.D. Tenn. Mar. 27, 2017) (quoting *Gruenbaum v. Werner Enters., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010) (quotation omitted)). That burden has not been met to date.

5

Plaintiff also argues Defendant waived any objections to the requests because Defendant failed to "state with specificity the grounds for objection to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). While Defendant's objections are somewhat lacking, the Court disagrees with Plaintiff's characterization of the objections as being "the **opposite** of a specific, informative objection." [Doc. 26 at Page ID # 116 (emphasis added)]. By drawing the distinction between the policy versus other insurance-related documents, and by arguing there is "no basis" to justify production of those other insurance-related documents, it is clear Defendant intends to object on relevance grounds. This is a far cry from the objections in the case Plaintiff cites, *Durbin v. C&L Tiling Inc.*, No. 3:18-CV-334-RGJ, 2019 WL 4615409 (W.D. Ky. Sept. 23, 2019). In *Durbin*, the court found the responding party waived its relevance objections where the responding party asserted identical boilerplate objections to 27 of the 37 discovery requests. *Id.* at *6. In the case at bar, Defendant asserted the same response to three of the 22 requests for production, and all three related to insurance-related documents. Nevertheless, Defendant's objections are not exactly a model of specificity. More importantly, as Plaintiff points out, Defendant failed to specify whether responsive documents are being withheld as required by Rule 34(b)(2)(C).

It is unnecessary for the Court to decide whether Defendant waived all objections, or whether Plaintiff's motion to compel should be granted or denied for any of the foregoing reasons. Rather, the motion will be denied due to Plaintiff's failure to properly meet confer in good faith. *See Habco Structural Specialists, Inc. v. Homestead Joist Reinforcement, LLC*, No. 1:20-cv-00120-CEA-SKL, 2021 WL 12097849, at *2 (E.D. Tenn. Nov. 3, 2021) ("the failure to confer in good faith is grounds alone for denying the motion" (quoting *Scott v. Abernathy Motorcycle Sales, Inc.*, No. 1:18-cv-01077-STA-geb, 2019 WL 12056315, at *4 (W.D. Tenn. Jan. 18, 2019))); *Neale v. Coloplast Corp.*, No. 1:18-cv-00274-TRM-SKL, 2020 WL 8771652, at *1-2 (E.D. Tenn. Sept. 3, 2020) (denying motion to compel for failure to adequately meet and confer).

The good faith conferral certification in Rule 37(a)(1) "is not an 'empty formality' and . . . the parties are required to engage in meaningful attempts to resolve discovery disputes prior to filing such motions." *Milburn v. Hudgens*, No. 3:17-CV-35-TAV-HBG, 2018 WL 2337300, at *1 (E.D. Tenn. May 23, 2018) (citations omitted). Plaintiff contends it "did inquire informally" about the instant discovery dispute [Doc. 28 at Page ID # 137], but Defendant indicates Plaintiff simply sent an email "demanding the discovery be answered immediately which then resulted in the current Motion[]." [Doc. 27 at Page ID # 134]. Plaintiff does not dispute Defendant's characterization nor does Plaintiff dispute it engaged in the same style of "conferral" prior to filing the last motion to compel.[1] Plaintiff argues "a court maintains discretion" to consider a motion to compel even when a party does not properly confer before filing, and "can excuse a failure to meet if it would be futile." [Doc. 28 at Page ID # 136-37]. While this may be true, Plaintiff gives the Court no reason to exercise its discretion to excuse Plaintiff's failure under the current circumstances. Further, the parties are advised that in general, the Court does not excuse pre-motion good faith conferrals. In the Court's experience, such conferrals often save the Court and the parties a great deal of time and resources, even if they do not fully resolve the discovery dispute or obviate the need for some court intervention.

### III.     CONCLUSION

For the foregoing reasons, Plaintiff's motion to compel [Doc. 26] is **DENIED**. The parties are **ORDERED** to meet and confer in good faith prior to filing any further discovery-related motions. Defendant's request for costs, made pursuant to Eastern District of Tennessee Local Rule 37.2., is hereby **DENIED** under the circumstances, including Defendant's own failure to abide by the applicable Federal Rules of Civil Procedure. *See also* Fed. R. Civ. P. 37(a)(5)(B) (requiring

---

[1] The Court granted this previous motion to compel due to Defendant's failure to respond [*see* Doc. 22 & Doc. 25].

7

Case 1:24-cv-00158-CEA-SKL   Document 29   Filed 08/16/24   Page 7 of 8   PageID #: 144

court to award expenses to non-moving party when motion to compel is denied, unless "the motion was substantially justified or other circumstances make an award of expenses unjust").

SO ORDERED.

ENTER:

*s/ Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE