IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY as subrogee of Adam and Lyndsey Boeselager, | ) ) ) ) ) |
| Plaintiff, | ). Case No. 1:24-CV-00158-CEA-SKL |
| v. | ) ) ) ) |
| RoMAR CONSTRUCTION CO., | ) ) |
| Defendant. | ) |

## MOTION FOR PROTECTIVE ORDER

Comes now the Defendant, RoMar Construction Co., by and through counsel and pursuant to Rules 26(c), 45(d)(1), and 45(d)(3)(A)(i), (iv) of the Federal Rules of Civil Procedure, and moves the Court for a protective order to disallow the videotaped depositions of eight (8) non-party witnesses employed by Defendant in this matter from taking place on October 23 and 24, 2024 pursuant to notices issued by Plaintiff's attorney, and quash the subpoenas issued (but never served on the nonparty individuals to whom they are directed) by Plaintiff's attorney on September 25, 2024.

The undersigned has only just been engaged in this case, due to an apparent claim of conflict by Plaintiff State Farm as to Defendant's prior counsel. Defendant itself has no way to know about any supposed conflict, and should not be penalized because Plaintiff State Farm believes that Defendant's counsel has a conflict. The undersigned has only barely received file material in the case, has only spoken with Defendant's personnel for

the first time today, and cannot be up to speed and meet with the client's personnel to prepare, in time for the dates set by Plaintiff's counsel. Moreover, as already explained to the Plaintiff's counsel, the undersigned has a conflict for the dates due to a preplanned, prepaid, nonrefundable vacation on the proposed dates, and depositions in a complex multi-party civil rights case pending before Judge McDonough in the days prior.

It is grossly prejudicial to Defendant that its prior counsel was compelled to withdraw due to a conflict claimed by Plaintiff State Farm, but to not allow Defendant's replacement counsel time to review the material and understand the case prior to forcing depositions is gratuitously so. Plaintiff's Response to the Motion to Withdraw, after emailing (only) the phrase "<u>No opposition to this Motion</u>" is to now oppose the Motion if Plaintiff cannot also force the deposition dates State Farm has apparently noticed. Plaintiff's tactic is respectfully repugnant.

Undersigned emailed Plaintiff's counsel on multiple occasions concerning this scheduling conflict and need to reset these depositions until the undersigned could get up to speed on the case. After ignoring the emails originally, Plaintiff's counsel responded without addressing the need to move the depositions, instead discussing Plaintiff's own discovery deficiencies and an apparently new interest in settlement. *See infra*, (<u>Exhibit 9</u>).

In support of this motion, Defendant would state and show unto the Court that as a result of Defendant's prior counsel having moved to withdraw from this case due to a purported conflict asserted by Plaintiff State Farm, and that undersigned counsel have only just been engaged to make an appearance in this case for the Defendant, that Plaintiff's deposition notices and subpoenas will cause Defendant undue burden and expense in the

absence of a protective order. This occurrence is entirely outside Defendant's control, and Defendant should not be prejudiced by Plaintiff's tactic to claim a conflict and then insist on immediate depositions.

Defendant's newly-engaged counsel have not yet had an opportunity to familiarize themselves with all critical aspects of this case, meet with their client and its employees and other witnesses, or review the more than 8,000 documents and photographs that Plaintiff State Farm and its attorney say under oath that it has produced in discovery. *See* (Doc. 31). (The undersigned is not even sure that the complete universe of documents has been provided by Defendant's former counsel yet, if this is the true volume as Plaintiff's counsel testified).

There is simply inadequate time for Defendant's counsel to prepare for the eight (8) nonparty video depositions noticed by Plaintiff's attorney only 14 days ago.

Defendant's counsel has repeatedly attempted to resolve this matter with Plaintiff's attorney without court involvement by requesting that Mr. Durr agree to reschedule the depositions to allow the undersigned reasonable time to prepare, but these efforts have been ignored. *See infra*, (Exhibit 9) (email exchange between Daniel H. Rader IV and Michael Durr).

Moreover, as is customary in Tennessee, Defendant should have an opportunity to depose Plaintiff's representatives and insureds first in this matter, and has requested the same through prior counsel Matthew Evans, which request has been ignored to date. Undersigned counsel will likewise not have time to prepare to take the depositions of Plaintiff's representatives and insureds prior to its employees being deposed by Plaintiff's

counsel. Moreover, Plaintiff's counsel has not agreed to make State Farm's representatives and insureds available for a deposition in this case, and there is not enough time to subpoena any of them for a deposition prior to October 23, 2024, when Plaintiff expects to begin deposing Defendant's employees on video.

Furthermore, Plaintiff has belatedly served untimely responses to Defendant's first set of written discovery, and those responses remain deficient. Attached hereto as <u>Exhibit 10</u> is a letter from withdrawing counsel Matthew Evans outlining the deficiencies in Plaintiff's responses, several of which the Plaintiff does not even dispute. Defendant and its counsel cannot be expected to prepare for a week of videotaped depositions in this case on short notice without full and complete discovery responses from the Plaintiff, which State Farm has failed to provide.

Plaintiff's deposition notices and subpoenas will impose an undue burden on Defendant in the absence of a protective order. Further, Plaintiff has not allowed a reasonable time for counsel to comply with Plaintiff's discovery demands. Defendant and its attorneys should have a full and fair opportunity to prepare for depositions with complete responses to written discovery, and should further have an opportunity to depose the Plaintiff's representatives and insureds first as is customary in this District and throughout Tennessee.

Finally, there appears to the undersigned to be a serious question as to whether this Court has subject matter jurisdiction over this case, which is of course non-waivable. Based on today's email from Plaintiff's counsel, the language states that "we did not know our expected payout." This implies that Plaintiff has not paid the entire claim. If not, then

Plaintiff is not totally subrogated. The law requires in this context that the citizenship of both the subrogor and subrogee be considered for diversity in this instance: "For purposes of diversity jurisdiction, courts consider only the citizenship of the subrogee in a case involving total subrogation but must consider the citizenship of 'both subrogee and subrogor' in a case involving partial subrogation. *Affiliated FM Insurance Co. v. LNR Partners, LLC,* 2023 WL 1956582, at *3 (E.D. Ky., 2023) (citing *Pepsico Do Brasil, Ltda. v. Oxy-Dry Corp.*, 534 F. Supp. 2d 846, 848 (N.D. Ill. 2008)).

Because State Farm's insureds are Tennessee citizens, diversity jurisdiction is improper if State Farm has not fully paid its insureds' claim, which it appears they have not. This Court likely lacks subject matter jurisdiction to permit these depositions to be taken or subpoenas issued under the authority of this Court, regardless.

WHEREFORE, Defendant respectfully requests that the Court enter a protective order forbidding the noticed videotaped depositions of Defendant's employees from taking place on October 23 and 24, 2024, and quash the subpoenas issued (but never served) by Plaintiff's attorney just 14 days ago.

Plaintiff's eight (8) deposition notices and subpoenas for these nonparty witnesses are attached hereto as <u>Exhibits 1–8</u> pursuant to LR37.2.

Defendant certifies that its counsel has attempted to meet and confer with the Plaintiff's counsel repeatedly in a good faith effort to resolve this dispute without court action, and such efforts have been unsuccessful. Copies of the email chain are attached as <u>Exhibit 9</u>. As of the filing of this motion, Plaintiff's counsel has not addressed the substance

of undersigned counsels' reasonable request to reschedule depositions, and Defendant brings this motion timely to comply with the rules for objections to subpoenas.

Respectfully submitted,

MOORE, RADER & YORK, P.C.

/s/André S. Greppin
DANIEL H. RADER IV / BPR #025998
ANDRÉ S. GREPPIN / BPR #036706
Attorneys for Defendant RoMar Construction Co.
46 North Jefferson Avenue
Cookeville, Tennessee 38501
Phone: (931) 526-3311
Fax: (931) 526-3092
andre@moorerader.com
danny@moorerader.com

CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was filed electronically with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Michael A. Durr
Quist, Fitzpatrick & Jarrrard PLLC
800 South Gay Street, Suite 2121
Knoxville, Tennessee 37929
mdurr@qfjlaw.com
*Attorneys for Plaintiff*

      This the 9th day of October, 2024.

      MOORE, RADER & YORK, P.C.

      /s/André S. Greppin
      DANIEL H. RADER IV / BPR #025998
      ANDRÉ S. GREPPIN / BPR #036706