# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | | |
|---|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) | |
| *Plaintiff,* | ) ) | Case No. 1:24-cr-158 |
| v. | ) ) | Judge Atchley |
| | ) ) | Magistrate Judge Lee |
| ROMAR CONSTRUCTION CO., | ) ) | |
| *Defendant.* | ) | |

## ORDER

In its Motion for Protective Order [Doc. 32], Defendant suggests that the Court may lack subject matter jurisdiction over the instant case. "The Court has an obligation to *sua sponte* investigate and police the boundaries of its subject matter jurisdiction." *Eagle Capital Funding, LLC v. Lowman Finishing*, Inc., No. 1:03-cv-207, 2005 U.S. Dist. LEXIS 6980, at *5–6 (E.D. Tenn. Mar. 8, 2005) (citing *Douglas v. E.G. Baldwin & Assocs.*, 150 F.3d 604, 607 (6th Cir. 1998); FED. R. CIV. P. 12(h)(3)). The Court takes this obligation seriously because "a judgment may be vacated at any time, even on appeal, for lack of subject matter jurisdiction." *Machesney v. Lar-Bev of Howell*, No. 10-10085, 2010 U.S. Dist. LEXIS 19315, at *1-2 (E.D. Mich. Mar. 4, 2010) (citing *Sterling v. Velsicol Chemical Corp.*, 855 F.2d 1188, 1195 (6th Cir. 1988)).

Accordingly, the parties are **ORDERED** to submit briefs of three pages or less concerning whether the Court has subject matter jurisdiction over the instant case on or before **October 22, 2024**. The parties are **FURTHER ORDERED** to confer regarding issues raised in Defendant's Motion for Protective Order on or before **October 18, 2024**. If, after conferring, the parties are

able to resolve some or all of the issues in Defendant's Motion, the parties **SHALL** inform the Court of such resolution within **48 hours**.

    **SO ORDERED**.

    */s/ Charles E. Atchley, Jr.*
    **CHARLES E. ATCHLEY, JR.**
    **UNITED STATES DISTRICT JUDGE**