IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY as subrogee of Adam and Lyndsey Boeselager,<br>    Plaintiff,<br>v.<br><br>ROMAR CONSTRUCTION CO.,<br>    Defendant. | Case No. 1:24-CV-00158-CEA-SKL |

## DEFENDANT'S BRIEF ON SUBJECT MATTER JURISDICTION

Comes now the Defendant, RoMar Construction Co., by and through counsel and pursuant to this Court's Order (Doc. 34), submits this brief regarding the Court's subject matter jurisdiction. For the reasons that follow, there is not complete diversity, and this Court lacks jurisdiction. *Affiliated FM Ins. Co. v. LNR Partners, LLC*, 2023 WL 1956582, at *3 (E.D. Ky. 2023).

This is an insurance subrogation case. In December 2023, Adam Boeselager allowed one of the wood-burning fireplaces in his newly renovated Lookout Mountain, Tennessee home to burn out of control, causing a fire, and allegedly causing smoke damage inside the house. The Tennessee-citizen Boeselagers made extremely significant insurance claims, only a portion of which have been paid by named-Plaintiff State Farm. Before fully adjusting the claim, and before paying their insureds more than a partial advance (regardless of deductible), State Farm precipitously filed this partial-subrogation lawsuit against Tennessee-citizen RoMar (the Boeselagers' home improvement contractor) to recover payments made on this loss.

The jurisdictional basis pleaded in State Farm's Complaint is diversity-of-citizenship jurisdiction under 28 U.S.C. § 1332. (Doc. 1, at ¶ 3). Diversity jurisdiction under § 1332 requires "complete diversity between the parties," *Shea v. State Farm Ins. Companies*, 2 Fed. App'x 478, 479 (6th Cir. 2001), such that "no plaintiff is a citizen of the same state as any defendant," *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010). Here, the Court lacks subject matter

jurisdiction pursuant to 28 U.S.C. § 1332 because the Boeselagers and RoMar are indisputably both citizens of Tennessee. The citizenship of the Boeselagers is required to be considered. *Affiliated FM Ins. Co., supra.*

Plaintiff bears the burden of establishing that subject matter jurisdiction exists. *DLX, Inc. v. Commonwealth of Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). When a plaintiff fails to meet its burden, the court must dismiss the case. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

In addressing the jurisdictional question, "the court is empowered to resolve factual disputes." *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir.1986). A district court has "broad discretion with respect to what evidence to consider in deciding whether subject matter jurisdiction exists, including evidence outside of the pleadings, and has the power to weigh the evidence and determine the effect of that evidence on the court's authority to hear the case." *Cartwright v. Garner*, 751 F.3d 752, 759–60 (6th Cir. 2014).

As correctly identified by prior defense counsel's motion to dismiss (Doc. 9), State Farm has not paid the Boeselagers' claim in full, or even fully adjusted the claim. *See* (Doc. 1, at ¶¶ 14–16) (stating that State Farm had "paid toward the Boeselagers' underlying property insurance claims"); *see also* (Decl. of Adjuster Rod Bartee, Doc. 19-1, at ¶¶ 6–9) (admitting that State Farm "expects to pay more" on the claim, that the adjustment of the claim was incomplete, and that State Farm had not been reimbursed their $15,131 deductible); *and see* (Exhibit 1, Letter from Michael Durr dated October 14, 2024, at 3–4) (admitting that: "We believe we have about $100,000 more to pay.").[1] Even if State Farm eventually pays an amount due its insured under the Policy, the

---

[1] The letter goes on to state: "We expect to complete the adjustment within the month." In a statement under penalty of perjury filed with the Court on June 24, 2024—120 days ago—State Farm's adjuster told the Court: "I expect to complete [the adjustment] within the next 60 days or so." (Doc. 19-1, at ¶ 7).

insured still has a deductible, which the Boeselagers are entitled to pursue on their own. This is partial subrogation.

An insurer who has paid only part of the loss is "only partially subrogated to the insured's rights," whereas an insurer who has paid the entire claim of its insured is "totally subrogated to the insured's rights and 'stands in the place of one whose claim he has paid.'" *Affiliated FM Ins. Co. v. LNR Partners, LLC*, 2023 WL 1956582, at *3 (E.D. Ky. 2023) (quoting *United States v. Munsey Trust Co.*, 332 U.S. 234, 242 (1947)).

"For purposes of diversity jurisdiction, courts consider only the citizenship of the subrogee in a case involving <u>total</u> subrogation but **must consider the citizenship of both subrogee and subrogor in a case involving partial subrogation**." *Id*. (internal quote and citation omitted); *see also Emps. Ins. Co. of Wausau v. Dan Walker Assocs., Inc.*, 2023 WL 11884597, at *2 n. 2 (W.D. Tenn. 2023); *Sentinel Ins. Co. v. JPaul Jones, L.P.*, 2021 WL 2587585, at *1 (W.D. Mich. 2021); *Fed. Ins. Co. v. Benchmark Bank*, 2018 WL 527285, at *3 (S.D. Ohio 2018); *and see Continental Cas. Co. v. Ohio Edison Co.*, 126 F.2d 423, 426 (6th Cir. 1942).

State Farm is partially subrogated to the rights of its insureds because it has not paid their entire claim. Therefore, the Court must consider the citizenship of both State Farm and its subrogors, Adam and Lindsey Boeselager, for purposes of diversity jurisdiction. *Id*. State Farm is an Illinois corporation (Doc. 1, at ¶ 1). The Boeselagers are citizens and residents of Tennessee. (*Id*. at ¶¶ 6, 9, 12); *see also* (<u>Exhibit 2</u>) (Excerpt from State Farm's claim document identifying "125 FORT STEPHENSON PL, LOOKOUT MTN, TN" as the Boeselagers' "Permanent" mailing address). RoMar is a Tennessee corporation. (Doc. 1, at ¶ 2).

Because the Boeselagers and RoMar are not "citizens of different States," there is not complete diversity of citizenship as required by § 1332. Therefore, the Court lacks subject matter jurisdiction.

Respectfully submitted,

MOORE, RADER & YORK, P.C.


/s/André S. Greppin
DANIEL H. RADER IV / BPR #025998
ANDRÉ S. GREPPIN / BPR #036706
Attorneys for Defendant RoMar Construction Co.
46 North Jefferson Avenue
Cookeville, Tennessee 38501
Phone: (931) 526-3311
Fax: (931) 526-3092
andre@moorerader.com


/s/Daniel H. Rader IV
DANIEL H. RADER IV / BPR #025998
ANDRÉ S. GREPPIN / BPR #036706
Attorneys for Defendant RoMar Construction Co.
46 North Jefferson Avenue
Cookeville, Tennessee 38501
Phone: (931) 526-3311
Fax: (931) 526-3092
danny@moorerader.com

CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was filed electronically with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Michael A. Durr
Quist, Fitzpatrick & Jarrard PLLC
800 South Gay Street, Suite 2121
Knoxville, Tennessee 37929
mdurr@qfjlaw.com
*Attorneys for Plaintiff*

      This the 22nd day of October, 2024.

                                MOORE, RADER & YORK, P.C.

                                /s/André S. Greppin
                                DANIEL H. RADER IV / BPR #025998
                                ANDRÉ S. GREPPIN / BPR #036706