UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE AT CHATTANOOGA

**State Farm Fire and Casualty Company**
as subrogee of Adam and Lyndsey Boeselager

    *Plaintiff*

v.

**RoMar Construction Co.**

    *Defendant*

1:24cv00158 CEA SKL

Jury Demanded

## Plaintiff's Verified Brief In Support of Subject Matter Jurisdiction [Document 34]

The parties stipulated to diversity subject matter jurisdiction in their Rule 26 Proposed Discovery Plan.[1] Yet RoMar suggested in a recent filing that the Court may not have subject matter jurisdiction. RoMar claims that because State Farm has yet to pay its insureds' claims fully, the citizenship of its non-diverse insureds must count for diversity jurisdiction. The Court has asked the partes to address this issue; this is State Farm's response to that inquiry.

    Plaintiff State Farm is an Illinois corporation with its principal place of business in Illinois and Defendant RoMar is a Tennessee citizen.[2] Similarly, no dispute exists that the amount in controversy here, exclusive of interest and costs, exceeds $75,000. (State Farm's Complaint seeks damages of more than $700,000.[3]) State Farm's insureds', Adam and Lyndsey Boeselager, are Tennessee citizens.

    To the extent the Court finds RoMar's argument here overlapping with its pending Motion to Dismiss, State Farm incorporates the arguments in its Response to that Motion.[4] To that Response, State Farm can add that the Boeselagers still have yet to claim anything against RoMar regarding the fire at issue and that their counsel informed State Farm this month that they have no intention of ever doing so. (State Farm still very much intends to amend by the Court's

---

[1] *See* Document 17. Colored text is hyperlinked.
[2] *See* RoMar's brief at 2, Page ID #221.
[3] *See* Document 1.
[4] *See* Documents 9 and 19.

December 10 deadline for pleading amendment to finalize our damages number and make clear that the Boeselagers' have been made whole.)

So the procedural posture of this case is now what it was when State Farm filed. Adam and Lyndsey Boeselager suffered a fire at their Tennessee home. State Farm insured the Boeselagers for the damage caused by the fire. State Farm has made payments toward the Boeselagers' insurance claim and will ultimately make them whole. With subrogated rights, State Farm has sued here, alleging that RoMar caused the fire by constructing the Boeselagers' fireplace improperly. The Boeselagers are not parties here. Nor have they have claimed anything from RoMar directly—with all available evidence showing that they never will make such a claim.[5] Because State Farm effectively owns its subrogated claims here, the Boeselagers have no legal interest in this lawsuit nor the potential ever to acquire a legal interest in this lawsuit.[6] Any claim they could make might give rise to whether such a claim should be joined here, and thus dismissed for lack of subject matter jurisdiction—but it will never provide them an interest in *this* lawsuit as it was filed and as currently postured. In other words, the only party plaintiff here is and always will be State Farm, and the only plaintiff *interest* will be State Farm's right to recover only what it has paid.

This last difference is all the difference—and distinguishes this case from those RoMar relies on the most. *Affiliated FM Ins. v. LNR Partners, LLC* never addressed how to resolve a situation where a subrogating carrier was about to make an insured whole; the insured was not a party and wouldn't be and would never have an actual interest in the lawsuit.[7] Instead, it simply recognized that because the plaintiff carrier had paid the entire loss, it was the only party to consider on the plaintiff's side for diversity jurisdiction. *Affiliated*, in turn, relied on *Pepsico Do Brasil, Ltda. v. Oxy-Dry Corp.,* which involved a lawsuit filed by an insured (in only its name) where the

---

[5] *See* Document 19 at Page ID #62, which State Farm incorporates by reference.

[6] *See United States v. Aetna Casualty & Surety Co.*, 338 U.S. 366, 381 (1949) ("both insured and insurer 'own' portions of the substantive right"

[7] Civil Action No. 5: 21-233-DCR, 2023 U.S. Dist. LEXIS 22911, at *9 (E.D. Ky. Feb. 10, 2023)

subrogating carriers maintained an interest in the litigated claims.[8] That court rightly considered the citizenship of the subrogating carriers because they were plaintiffs in all but name.

More importantly, *Pepsico* relied on "the extended and insightful discussion in *Betar v. DeHavilland Aircraft of Canada, Ltd.*"[9] In *Betar*, the Seventh Circuit remanded an action removed by the defendant on diversity grounds. The plaintiff, a public administrator diverse from the defendant, objected to removal, arguing that the test is not his citizenship but that of the statutory beneficiaries of the action.[10] The court looked to the substantiality of the named plaintiff's stake in the outcome.[11] The court concluded that since the plaintiff lacked the requisite stake in the outcome needed to support diversity jurisdiction when he commenced the action, the defendant could not remove it. The court explained that "nominal or formal parties, who do not have a significant interest in the outcome of the litigation, should not be able to use the federal courts."[12] So too, here for the Boeselagers. They have no legal interest whatever in this lawsuit, so their citizenship is not enough to defeat (or establish) diversity jurisdiction.

In the end, RoMar's jurisdictional objection is subsumed by its real party in interest argument in its Motion to Dismiss. If the Boeselagers must be parties here, no diversity jurisdiction exists; if they need not be made parties here, then diversity jurisdiction remains between RoMar and State Farm. As the Supreme Court explained in *United States v. Aetna Cas. & Surety Co.* "since both insured and insurer 'own' portions of the substantive right … they should appear in the litigation in their own names."[13] And if one of those parties makes no claim, its citizenship should have no bearing on the other's rights, jurisdictional and otherwise.

---

[8] 534 F. Supp. 2d 846, 848 (N.D. Ill. 2008).

[9] 603 F.2d 30, 32-35 (7th Cir. 1979) *cert. denied*, 444 U.S. 1098, 100 S. Ct. 1064, 62 L. Ed. 2d 785 (1980).

[10] *Id*. at 32.

[11] *Id*. at 35.

[12] *Id*. at 32 (citation omitted).

[13] *United States v. Aetna Casualty,* 338 U.S. at 381

| | |
|---|---|
| Tuesday, October 22, 2024 | Respectfully submtitted, |
| Knoxville, Tennessee | QUIST, FITZPATRICK & JARRARD PLLC |
| | By: /s/ *Michael A. Durr* |
| | Michael A. Durr (TBA 26746) |
| | 800 South Gay Street, Suite 2121 |
| | Knoxville, Tennessee 37929 |
| | Direct: (865) 312-0440 |
| | Email: mdurr@qfjlaw.com |
| | *Attorney for Plaintiff State Farm* |

**Verification**

Michael A. Durr, being first duly sworn, on oath, deposes and says:

- Based on my knowledge and belief, the preceding factual assertions in this document (not otherwise sourced) are true and correct.

By: _____
Michael A. Durr

**Certificate of Service**

On Tuesday, October 22, 2024 I served this document by electronic mail to the following email addresses:

- Danny Rader
  danny@mooreradrer.com
- Andre Greppin
  andre@moorerader.com

By: /s/ *Michael A. Durr*
Michael A. Durr