# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, | )<br>)<br>) Case No. 1:24-cv-158 |
| *Plaintiff*, | )<br>) Judge Atchley |
| v. | )<br>) Magistrate Judge Dumitru |
| ROMAR CONSTRUCTION CO., | )<br>) |
| *Defendant*. | ) |

## ORDER TO SHOW CAUSE

In its Motion for Protective Order [Doc. 32], Defendant RoMar Construction Company suggested that the Court may lack subject matter jurisdiction over this action. Given the Court's "obligation to *sua sponte* investigate and police the boundaries of its subject matter jurisdiction[,]" *Eagle Capital Funding, LLC v. Lowman Finishing, Inc.*, No. 1:03-cv-207, 2005 U.S. Dist. LEXIS 6980, at *5–6 (E.D. Tenn. Mar. 8, 2005), it ordered the parties to submit supplemental briefing regarding the basis for the Court's jurisdiction. [Doc. 34].

RoMar responded by asserting that in this insurance subrogation action, Plaintiff State Farm Fire and Casualty Company has only partially subrogated Adam and Lyndsey Boeselager, the insureds, for the damages it seeks to recover through this action. [Doc. 37 at 1]. Because of this partial subrogation, RoMar contends that the Court must consider the Boeselagers' citizenship when determining the diversity of the parties. [*Id.* at 2–3]. RoMar asserts that because it and the Boeselagers are Tennessee citizens, there is a lack of complete diversity and the Court therefore lacks jurisdiction. [*Id.*]. State Farm does not dispute either that it has only partially subrogated the Boeselagers or that they are Tennessee citizens. [Doc. 38 at 1–2]. Instead, it asserts that the Boeselagers "have no legal interest whatever in this lawsuit, so their citizenship is not enough to

defeat (or establish) diversity jurisdiction." [*Id.* at 3].

Courts both in and outside of the Sixth Circuit have held that "[t]o determine if diversity jurisdiction exists, 'when there has been a partial subrogation and when the full amount of loss (both insured and uninsured) is sought from the defendant, a court properly examines the citizenship of both the insurer and the insured.'" *Norman Noble, Inc. v. Cleaning Techs. Grp., LLC*, No. 1:17 CV 1384, 2018 U.S. Dist. LEXIS 144441, at *6 (N.D. Ohio Aug. 23, 2018) (quoting *Federal Ins. Co. v. Benchmark Bank*, No. 2:17 CV 135, 2018 U.S. Dist. LEXIS 11152 (S.D. Ohio Jan. 24, 2018)); *see also, e.g.*, *Affiliated FM Ins. Co. v. LNR Partners, LLC*, Civil Action No. 5: 21-233-DCR, 2023 U.S. Dist. LEXIS 22911, at *9–10 (E.D. Ky. Feb. 10, 2023); *Cincinnati Ins. Co. v. Greene*, No. 1:10-cv-0370-JMS-DML, 2012 U.S. Dist. LEXIS 68994, at *7–8 (S.D. Ind. May 17, 2012); *Pepsico do BRASIL, LTDA v. Oxy-Dry Corp.*, 534 F. Supp. 2d 846, 848 (N.D. Ill. 2008).

Here, State Farm is seeking "more than $708,325.06 in damages [allegedly] caused by [RoMar's] conduct[.]" [Doc. 1 at ¶ 28]. Despite seeking compensation for the Boeselagers' total damages, State Farm admits that it has not yet made them whole. [*E.g.*, Doc. 38 at 1–2]. This admission is supported by the record. [*E.g.*, Doc. 19-1 at ¶¶ 6–8]. The record further suggests that the Boeselagers paid a deductible regarding the at-issue loss which, unless reimbursed by State Farm, would require the Court to consider their citizenship when evaluating whether the parties are completely diverse. *See Norman Noble, Inc.*, 2018 U.S. Dist. LEXIS 144441, at *6 (holding that the court had to consider the insured's citizenship where the complaint sought the full amount of the insured's damages, including the deductible).

Based on the foregoing, it appears that the Court must consider the Boeselagers' citizenship when evaluating whether the parties are completely diverse. As a result, it further appears that the

2

Court lacks subject matter jurisdiction over this action. Accordingly, State Farm is **ORDERED** to show cause in writing, **on or before February 12, 2025**, why this action should not be dismissed for lack of subjection matter jurisdiction. State Farm's response **SHALL** also address whether an amended pleading would cure any jurisdictional defect.

    SO ORDERED.

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**